IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-0121 |
| SOUTHERN NATIONAL LIFE INS. CO., INC., D/B/A BENEFIT MANAGEMENT SERVICES, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Memorial Hermann Hospital System, brings this action against defendant, Southern National Life Insurance Company, Inc., d/b/a Benefit Management Services (BMS), for negligence and negligent misrepresentation, equitable estoppel, quantum meruit, and breach of contract under state and common law and, alternatively, for recovery of benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). Pending before the court is Southern National Life Ins. Co., Inc.'s Motion to Dismiss Plaintiff's Original Petition (Docket Entry No. 8), in which BMS seeks dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Because BMS does not dispute that it has sufficient contacts with the United States to establish personal jurisdiction under ERISA,

and BMS has not sought dismissal of plaintiff's ERISA claim, BMS's motion to dismiss will be denied.

## I. Factual Background

Plaintiff alleges that from November 2006 through June 2007 plaintiff rendered medically necessary services to a patient for whom the defendant verified effective insurance coverage. Plaintiff alleges that the defendant represented that claims for the patient's treatment would be processed and paid. Plaintiff alleges that the claims for the patient's treatment total $554,718.30, that the plaintiff has received only $160,303.97, and that the amount due and owing is at least $357,242.35. Plaintiff alleges that it "timely submitted its clean claims and timely appealed to Defendant BMS. Defendant denied and/or refused payment on Plaintiff's claims despite its previous verification and authorization on the basis that BMS could unilaterally determine the amount it would pay."[1]

BMS argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because BMS is a foreign corporation that does not have the requisite minimum contacts with Texas to confer personal jurisdiction, because traditional notions of fair play and substantial justice do not support personal jurisdiction over BMS, and because plaintiff's alleged ERISA cause

---

[1]Plaintiff's Original Petition, included in Notice of Removal, Docket Entry No. 1, p. 3 ¶ 9.

of action does not create personal jurisdiction over BMS since BMS is neither a plan administrator nor a plan fiduciary.[2]  Plaintiff responds that BMS has "made itself amenable to the jurisdiction of this Court, both through its contacts within the State and through ERISA."[3]

## II. **Standard of Review**

When a foreign defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff "bears the burden of proving that jurisdiction exists." Luv N' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir.), cert. denied, 126 S.Ct. 2968 (2006).  The court need not conduct an evidentiary hearing.  Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 173 (5th Cir. 1994).  But "[w]hen the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'"  Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 344 (5th Cir. 2002), cert. denied, 124 S.Ct. 66 (2003) (quoting Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994), cert. denied, 115 S.Ct. 322 (1994)).  The "court may consider the

---

[2]Memorandum in Support of Southern National Life Ins. Co., Inc.'s Motion to Dismiss Plaintiff's Original Petition (BMS's Memorandum), Docket Entry No. 9, p. I.

[3]See also Plaintiff's Response to Defendants' Motion to Dismiss (Plaintiff's Response), Docket Entry No. 10, p. 3 ¶ 5.

contents of the record . . . including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" Id. (quoting Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985)). The court must accept as true uncontroverted allegations in the plaintiff's complaint and must resolve factual conflicts in the plaintiff's favor, but need not credit conclusory allegations even if uncontroverted. Panda Brandywine Corp. v. Potomac Electric Power Co., 253 F.3d 865, 869 (5th Cir. 2001). "Absent any dispute as to the relevant facts, the issue of whether personal jurisdiction may be exercised over a nonresident defendant is a question of law." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir. 1993).

### III. Analysis

**A. Applicable Law**

For claims arising under state law federal courts "sitting in diversity may assert [personal] jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the [F]ourteenth [A]mendment to the United States Constitution." Johnston v. Multidata Systems International Corp., 523 F.3d 602, 609 (5th Cir. 2008). The Texas long-arm statute authorizes suit against nonresidents "[i]n an action arising from the nonresident's business in this state." Tex. Civ. Prac. & Rem. Code § 17.043. The Texas Supreme Court has

stated that the long-arm statute's "broad doing-business language allows the statute to 'reach as far as the federal constitutional requirements of due process will allow.'" Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 575 (Tex. 2007) (quoting Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991)). Exercise of personal jurisdiction over a nonresident defendant comports with federal due process guarantees when the nonresident defendant has established minimum contacts with the forum state, and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 66 S.Ct. 154, 158 (1945). Once a plaintiff satisfies these two requirements a presumption arises that jurisdiction is reasonable, and the burden of proof and persuasion shifts to the defendant opposing jurisdiction to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2185 (1985).

For claims arising under federal laws that authorize nationwide service of process, e.g., ERISA, courts apply a national contacts standard. Bellaire General Hospital v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 825-26 (5th Cir. 1996). Under the national contacts standard a federal court may exercise personal jurisdiction over a properly served defendant provided the

defendant has minimum contacts with the United States. Id. When the plaintiff has stated colorable claims under both federal and state law against a defendant that "derive from a common nucleus of operative fact," United Mine Workers v. Gibbs, 86 S.Ct. 1130, 1138 (1966), judicial economy suggests that the court hear the federal and state claims together. Id. at 1139.

**B. Application of the Law to the Facts**

BMS argues that plaintiff's petition should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction because "Texas courts lack personal jurisdiction over BMS regarding the state law claims asserted in Plaintiff['s] . . . Original Petition."[4] Without offering any meaningful opposition to BMS's assertion that BMS lacks minimum contacts with the State of Texas, plaintiff argues that BMS's motion to dismiss should be denied because BMS has sufficient contacts with the United States for this court to assert personal jurisdiction over BMS under ERISA's provision for nationwide service of process, 29 U.S.C. § 1132(e)(2).[5] Plaintiff contends that once "[h]aving personal jurisdiction under ERISA, this Court additionally has ancillary jurisdiction over Defendant in the remaining claims in Plaintiff's Original Petition as those claims have consistently been held not

---

[4]BMS's Memorandum, Docket Entry No. 9, p. 1.

[5]Plaintiff's Response, Docket Entry No. 10, p. 2 ¶ 3.

to be pre-empted by ERISA."[6]  In support of its argument, plaintiff cites St. Luke's Episcopal Hospital v. Louisiana Health Service & Indemnity Company a/k/a Blue Cross Blue Shield of Louisiana, 2009 WL 47125 (S.D. Tex. 2009).  In that case the court recognized that under ERISA's nationwide service of process provision, 29 U.S.C. § 1132(e)(2), a court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  Id. at *12.

Without disputing that its contacts with the United States are sufficient to support the court's exercise of personal jurisdiction under ERISA, BMS argues that the plaintiff's state law claims "cannot be saved by [Plaintiff's] attempt to plead ERISA claims, as BMS is neither a plan administrator nor a fiduciary of the ERISA plan at issue."[7]  Citing the Declaration of Brian P. Keller, BMS's Senior Vice-President and Chief Marketing Officer, and the plan documents attached thereto, BMS argues that it is a third-party administrator performing ministerial duties for the plan at issue, and that "[t]hese ministerial duties do not give rise to ERISA liability against BMS."[8]  In support of this argument, BMS cites Milofsky v. American Airlines, Inc., 404 F.3d 338, 341 (5th Cir. 2005), and Samaritan Health Center v. Simplicity Health Care Plan, 459 F.Supp.2d 786, 794 (E.D. Wisc. 2006).

---

[6]Plaintiff's Response, Docket Entry No. 10, p. 3 ¶ 6.

[7]BMS's Memorandum, Docket Entry No. 9, p. 1.

[8]Id. at 13.

In Milofsky the plaintiffs were employed as pilots by Business Express, Inc. (BEI) when it was acquired by AMR Eagle Holding Corporation (AMR), the holding company of American Eagle, Inc. (American Eagle), a subsidiary of American Airlines. While employed by BEI the plaintiffs participated in its individual account pension plan. Id. at 340. When AMR acquired BEI the plaintiffs received notice that the balance of their accounts in the BEI plan would be transferred to a comparable American Eagle plan. The notices advised the plaintiffs that the transfers would occur by a date certain, but the transfers did not occur until months after the date certain. Id. at 340-41. The plaintiffs filed a class action suit against American Airlines and Towers Perrin, a benefits consulting firm hired by American Airlines to render administrative services in connection with the plan. Id. at 340. The action, which was filed under 29 U.S.C. § 1132(a), alleged that American Airlines and Towers Perrin had violated fiduciary duties in misrepresenting how and when their accounts would be transferred to the American Eagle 401(k) plan. Id. "They alleged that because of the failure to effect the transfer of the class members' account balances in a timely and prudent manner, the values of their accounts decreased because the assets remained invested in the floundering BEI Plan longer than expected." Id. at 341. The plaintiffs sought "actual damages to be paid to the [American Eagle] Super Saver Plan, to be allocated among their

individual accounts proportionately to their losses resulting from the alleged breach." Id. The district court dismissed the suit holding, inter alia, "that plaintiffs could not sue Towers Perrin because they did not allege specific facts that would establish that it was an ERISA fiduciary." Id.

On appeal the plaintiffs argued that the district court erred in finding that they failed to allege that Towers Perrin was a fiduciary under ERISA. The majority of the three-judge Fifth Circuit panel affirmed the district court's decision that the plaintiffs could not sue Towers Perrin explaining that

> [t]he complaint fails to identify any specific discretion or decisionmaking authority that Towers Perrin had with respect to the alleged breaches of fiduciary duty. Taking all alleged facts as true, the extent of Towers Perrin's involvement is that it provided plaintiffs with the notices that contained the alleged misrepresentations. There is no allegation that Towers Perrin exercised discretion or control regarding the content of the notices, the transfer of funds from the BE[I] Plan to the $uper $aver Plan, the length of the blackout periods, or the investment of the accounts. The transmission of notices and forms advising plan participants of their rights and options under a plan is nothing more than an administrative or ministerial service, which is insufficient to elevate Towers Perrin to the status of fiduciary under ERISA for purposes of this lawsuit.
>
> The only other references the complaint makes to Towers Perrin's status are *conclusional* allegations that it acted as a fiduciary. Such allegations are insufficient to allow this claim to survive a [R]ule 12(b)(6) motion to dismiss.

Id. at 342 (emphasis in original). What BMS fails to say in its brief is that the Fifth Circuit subsequently issued an en banc, per curiam opinion that vacated the panel opinion curtly explaining

that "[m]easured by the principles of notice pleading and the standards controlling dismissal under FED.R.CIV.P. 12(b)(6), the district court erred in dismissing these claims." Milofsky v. American Airlines, Inc., 442 F.3d 311, 313 (2006) (en banc) (per curiam).

BMS's assertion that the ministerial duties it performs do not give rise to ERISA liability[9] challenges the plaintiff's ability to maintain a cause of action against BMS, but it does not challenge the court's ability to exercise personal jurisdiction over BMS due to its lack of minimum contacts with this forum. BMS has not cited, and the court is not aware of, any case in which a motion to dismiss for lack of personal jurisdiction has been granted based on the defendant's assertion that it is not an ERISA fiduciary but instead, a third-party administrator performing ministerial duties for an ERISA plan. BMS's position finds no support in Samaritan Health Center, 459 F.Supp.2d 786 — the second case on which BMS relies. There the issue of whether the defendant was a fiduciary potentially liable under ERISA or a third-party administrator performing ministerial duties not potentially liable under ERISA was not raised in a motion to dismiss based on lack of subject matter jurisdiction but in a motion for summary judgment.

Because BMS does not dispute that the plaintiff's assertions that BMS's contacts with the United States are sufficient to

---

[9] Id. at 13.

-10-

support the court's exercise of personal jurisdiction under ERISA, and because BMS has not sought dismissal of plaintiff's ERISA claim for failure to state a claim for which relief may be granted, the court concludes that BMS's motion to dismiss for lack of personal jurisdiction must be denied.

## IV. Conclusions and Order

For the reasons explained above, Southern National Life Ins. Co., Inc.'s Motion to Dismiss Plaintiff's Original Petition (Docket Entry No. 8) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 25th day of March, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE